## POWERS v. VILLAGE OF CHAMPLAIN.

(Supreme Court, General Term, Third Department. November 22, 1892.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.
    A verdict for plaintiff, in an action against a village for injuries resulting
    from a defective sidewalk, will not be disturbed on appeal, where the evi-
    dence as to defendant's negligence is sufficient to support such verdict.

Appeal from circuit court, Clinton county.

Action by Matilda A. Powers, an infant, by James Clark, her guard-
ian ad litem, against the village of Champlain, to recover for injuries re-
sulting from a defective sidewalk. From a verdict and judgment for
plaintiff, and from an order denying a motion for a new trial, defend-
ant appeals. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

W. H. Dunn, (Royal Corbin, of counsel,) for appellant.

Shedden & Booth, (L. L. Shedden, of counsel,) for respondent.

MAYHAM, P. J.   This is an appeal from a judgment rendered upon
the verdict of a jury, and from an order denying a motion for a new trial
on the minutes of the trial judge at the circuit. The action was to re-
cover for alleged injury to the plaintiff, claimed to have been caused by
the negligence of the defendant in suffering its side and cross walks to be
out of repair and unsafe, by reason of which the plaintiff, while lawfully
passing over said sidewalk, fell and was injured. The defense was a de-
nial of defendant's negligence, and an allegation of contributory negli-
gence by the plaintiff. The jury rendered a verdict for the plaintiff.
We think the evidence sufficient to uphold the verdict of the jury upon
the questions of the defendant's negligence; and as the question of the
contributory negligence of the plaintiff was, in this case, one for the
jury, their finding should not be disturbed by this court on appeal.
The rule that all legal and legitimate presumptions from the evidence
are to be indulged in to uphold the verdict applies to this case. Schnei-
der v. Railroad Co., (Super. N. Y.) 15 N. Y. Supp. 556; Hart v.
Bridge Co., 80 N. Y. 622. We see no error in the rulings of the
judge, or in his charge, for which the judgment can be reversed.

Judgment affirmed, with costs. All concur.

## MULLEN v. CENTRAL PARK & E. R. R. CO.

(City Court of New York, General Term. November 25, 1892.)

NEGLIGENCE—EVIDENCE—PROVINCE OF JURY.
    In an action for personal injuries occasioned by a collision between de-
    fendant's horse car and plaintiff's cab, it appeared that the cab driver had
    stopped on defendant's track to receive directions from plaintiff, when the
    collision occurred. Snow banks on each side of the street prevented the
    driver from stopping elsewhere, and he did not see the car, or have any
    warning of its approach. *Held,* that the questions of negligence and con-
    tributory negligence were for the jury.

Appeal from trial term.

Action by Fergus Mullen against the Central Park & East River Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and NEWBURGHER, J.

Vanderpoel, Green & Goodwin, for appellant.

W. Bourke Cockran, for respondent.

EHRLICH, C. J. The action was for negligently running into the plaintiff's cab, whereby he sustained damage, etc. Plaintiff's driver had temporarily stopped on defendant's track to receive directions, and, while receiving them, the defendant's car ran into the cab, and did the damage. There were snow banks on each side of the street, and the plaintiff's driver had the right (notwithstanding defendant's right of way) to drive his cab over that portion of the highway covered by the defendant's tracks. He did not see the car, and had no warning of its approach. He was not unnecessarily obstructing the track, but receiving orders in reference to his cab, which, on account of the snow, he could not receive nearer the sidewalk. The driver of the cab did not anticipate danger, and, as a rule, none was to be anticipated from a horse car, as there is always time for warning. At all events, the questions whether (1) the defendant was guilty of negligence, and (2) the plaintiff free from it, were for the jury, being matters about which minds might differ. This case was one for the jury, the verdict satisfactorily sustained by the evidence, the damages not excessive, and no errors committed which require a new trial. It follows that the judgment and order denying the motion for a new trial must be affirmed, with costs.